IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RATTLER HOLDINGS, LLC D/B/A PLANETARY DESIGN, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED PARCEL SERVICE, INC. and UPS SUPPLY CHAIN SOLUTIONS, INC., <br><br> Defendants. | CV 20–117–M–DLC <br><br> ORDER |

      Pursuant to Federal Rule of Civil Procedure 60(b), Plaintiff Rattler Holdings requests that the Court grant relief from its earlier judgment granting Defendants' motion to dismiss. It requests that the Court certify the following question to the Montana Supreme Court: "Does enforcing a forum selection clause that would restrict a plaintiff from litigating in the courts of Montana contravene Montana's strong public policy?" (Doc. 24 at 1-2.) As explained, the motion is denied. Because the parties are familiar with the Court's prior ruling, it will not restate the procedural posture of this case.

1

## DISCUSSION

Plaintiff requests relief under Rule 60(b)(6) which, as pertinent here, permits a court to grant relief from a judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice. The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

The grounds for Plaintiff's motion are less than clear. Without coming out and saying so, Plaintiff seems to argue that the "extraordinary circumstance" warranting relief here is the Court's "surprise" decision to depart from its prior analysis in *Swank Enterprises*, *Inc. v. NGM Insurance Co.*, No. CV 19-200-M-DLC, 2020 WL 1139607 (D. Mont. Mar. 9, 2020), which was a result not urged by either party. Plaintiff may also be arguing that the Court's decision to grant Defendant's motion to dismiss is legal error—assuming the Montana Supreme Court answers the proposed certified question affirmatively. Neither contention meets the high standard necessary to set aside an order or judgment under Rule 60(b)(6).

First, there was nothing extraordinary about the Court's decision to grant Defendants' motion to dismiss. Defendants brought a forum non conveniens

motion which claimed that the parties' selection of China as the forum for litigating disputes precluded this Court from entertaining Plaintiff's lawsuit. (Doc. 8.) Under federal law, forum selection clauses are presumptively valid and must be enforced absent a finding that enforcement is unreasonable. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). The question presented was whether Montana had a strong public policy invalidating such clauses such that enforcement in this case would be unreasonable.

Although Defendants did not directly challenge this Court's decision in *Swank Enterprises* which concluded that Montana's public policy "unequivocally 'states a strong public policy'" invalidated such clauses, this Court gave both parties fair warning that it was prepared to reconsider that decision—particularly because *Swank* was an outlier in the District's prior treatment of this issue. *See Rattler Holdings, LLC v. United Parcel Serv., Inc.*, No. CV 20-117-M-DLC, 2020 WL 7231082, at *2 (D. Mont. Dec. 8, 2020).

Additionally, and contrary to Plaintiff's contention, the Court did not decide Defendants' motion on grounds not presented by the parties. The issue of whether Montana's public policy invalidated foreign forum selection clauses was squarely presented in the motion, and the issue of whether *Swank* controlled the outcome was advanced by Plaintiff itself. That the Court disagreed with Plaintiff's position and reading of Montana law does not mean the Court decided the issue off-brief.

Moreover, Plaintiff's attempt to characterize this issue as appropriate for certification to the Montana Supreme Court is unavailing. Certification to a state's highest court is appropriate when there is a dearth of legal guidance on a question. *See In re Rigden*, 795 F.2d 727, 735 n.6 (9th Cir. 1986) (recognizing that certification is appropriate when a federal court is presented with a "novel and complex question of state law"). In contrast, there is no lack of guidance on the subject here. Plaintiff desires certification not because the Montana Supreme Court has not spoken on the issue of the enforceability of forum selection clauses—but because the Court has spoken inconsistently. Plaintiff urges the Court to certify the question of whether Montana law is hostile to foreign forum selection clauses so that the Montana Supreme Court may *clarify* state law—and, in effect, *change* the law as it relates to the federal question of enforceability.

To reiterate, under binding Supreme Court precedent, a federal court *must* enforce the parties' valid choice of a forum foreign for litigating disputes *unless*— as pertinent here—state law has a strong public policy against enforcement. *M/S Bremen*, 407 U.S. at 10. Even if the Montana Supreme Court were to re-adhere to its opinion in *Keystone Inc. v. Triad Systems Corp.*, P.2d 1240 (Mont. 1998) at some point in the future, that would not change the fact that at the time the parties contracted and Defendants' brought its motion, Montana's public policy was not so hostile to forum selection clauses that it refused to recognize them. Accordingly,

the Court sees no error in its decision and will therefore deny the motion to reconsider.

IT IS ORDERED that Plaintiff's motion (Doc. 22) is DENIED.

DATED this 3rd day of May, 2021.

*[signature]*

Dana L. Christensen, District Judge
United States District Court